IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN J. MATTINGLY, Plaintiff

v.

THE CITY OF CHICAGO, a municipal
corporation, RICHARD M. DALEY, individually
and as Mayor of the City of Chicago,
MARY RICHARDSON-LOWRY, individually and as
Building Commissioner of the City of
Chicago, RON MCDERMOTT, individually
and as head of the Fast Track
Demolition Program of the City of Chicago,
and JOHN DOES 1-20,
CHICAGO SANITATION DEPT
DELTA DEMOLITION, INC
U.S. ENVIORNMENTAL PROTECTION AGENCY
SEARS-ALLSTATE
U.S. VETERANS ADMINISTRATIOMN
          Defendants

JUDGE KENNELLY

00C 7937

MAGISTRATE JUDGE SCHENKIER

DOCKETED
DEC 22 2000

## COMPLAINT

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. This action seeks redress for violations of plaintiff's civil rights in connection with the demolition of his garage without proper notice or due process of law. This action alleges that actions of the City of Chicago and other defendants violate 42 U.S.C. §1983 (Count I) by depriving plaintiff of his right in property under color of the laws of the State of Illinois and Municipal Ordinances of the City of Chicago without due process of law.

2. Plaintiff also asserts state law tort claims for common-law trespass upon his property (Count II) and common-law conversion of his personal property (Count III).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 42 U.S.C. § 1983. Venue in this District is proper, in that the claim arose here.

## PARTIES

4. Plaintiff John Mattingly is an individual who currently resides at 3045 N N Troy Chicago, Illinois 60618.

5. Defendant, the City of Chicago ("City"), is a municipal corporation organized under the laws of the State of Illinois.

6. Defendant, Richard M. Daley, ("Daley") is the mayor of the City of Chicago.

7. Defendant, Mary Richardson-Lowry, ("Richardson-Lowry") is the building commissioner of the City of Chicago.

8. Defendant, Ron McDermott ("McDermott"), is the head of the Fast Track Demolition Program for the City of Chicago.

9. Each of these defendants are named in both their individual and official capacities.

10. Defendants, John Does 1-10, are other employees of the City of Chicago who ordered, authorized, and/or carried out the demolition of plaintiff's property.

11. Defendants, John Does 11-20 are the individuals or companies that the City hired to carry out the demolition of plaintiff's property.

## POLICIES AND PRACTICES COMPLAINED OF

12. The City of Chicago has instituted a "Fast Track" demolition program, whereby buildings are demolished (1) without notice, (2) without a court order, (3) without adequate

opportunity to be heard, and (4) in the absence of the sort of extreme emergency that constitutionally justifies immediate destruction of private property without notice, hearing and judicial determination.

13. The "Fast Track" demolition program was approved by Daley and is run by Richardson-Lowry and McDermott, with the aid of John Does 1-10.

14. Each of these individuals knew that there was no lawful basis for the summary destruction of property in non-emergency situations.

15. The City has an administrative hearing procedure for building code violations (Chicago Municipal Code § 13-14-010, et seq.), but does not utilize it for Fast Track demolitions. In particular, Chicago Municipal Code § 13-14-050 requires notice to be sent by first class mail to the building owner. The notice must inform the owner of the violation, any sanctions for a proven violation, and an opportunity to be heard prior to any action. § 13-14-050 also requires the City to obtain a court order prior to demolition.

16. Under the "Fast Track" program, according to the Chicago Municipal Code § 13-9-010, a building may be demolished without a court order or administrative hearing after three forms of notice to the owner, if it is "open and vacant and an immediate and continuing hazard to the community in which the building is located."

17. Upon information and belief, the City's procedure for identifying and determining which buildings are open, vacant, and an immediate continuing hazard has no clearly defined form or structure, and is insufficient to comport with due process.

18. Furthermore, if the City's building department re-inspects buildings in order to determine whether the property owner has remedied the purported hazard prior to

demolition, the City does not provide notice that the owner's efforts are inadequate.

19. The code requires a property owner who objects to the notice of demolition to obtain a court order preventing it. Neither the code nor the notice advises the property owner where or how such objection must be made.

20. The City's demolition of buildings without notice and a court order or hearing is an express policy which, when enforced, causes an unconstitutional deprivation of property without adequate notice or prior opportunity to be heard.

21. The City's Fast Track demolition program, and the program's failure to provide adequate notice constitute a persistent and widespread course of conduct, and is used with the force of law.

22. The injury to the plaintiff was authorized or ordered by City policymakers or persons with final policymaking authority, namely, Daley, Richardson-Lowry, and McDermott.

## FACTUAL ALLEGATIONS

23. Mattingly began repairs on the garage & fence right after the fire until he discovered Delta t spassing & demolishing garage. Mattingly,& his helper usually worked from 1:30 - 6:00 PM six days a week, for 8 weeks.

24. Mattingly never received any demolition notice.

25. Without notice to Plaintiff Delta demolished Garage & addition without demolition order or permit . Garage was secured & not appropriate for cleanup at the time, see pictures.

26. Chicago Fire Dept. took too long to get here, did much unnecesary destruction, enterred my house without need, permission, or warrant, let the fire burn too long, caused a big unnecarry frozen mess with glass, ice ,nails, wood, etc. Mattingly stepped on nail that night got infected right foot treated by V.A.

27. I called Chicago Police who refused to have Delta delay or stop demolition, get a demolition order required, refused to have Delta give me a copy of any order or paper, refused to stop Delta from taking , selling , trading for beer etc.,50 air conditioners, 4 Heat Pumps, 4 Refrigeraters' furniture, hardware, tools, clothing, heaters etc. Policeman threatened to arrest & jail me if I got in Deltas way to protect Or save my personal property.

4

28. I went to talks by Independent Aldermen et al at 2nd Unitarian Church in the 1970s and was harassed & spied on by Chicagos Red Squad.

29. I believe the Chicago Building, Fire, Police, Sanitation & other Departments are in clear violation of the consent decree which resulted from lawsuits filed by Alliance & A.C.L.U. in the 1970s, & should be found in contempt of court.

30. Chicago Sanitation Dept took good garage wood I denailed & destroyed it. About 3 months later while I was rebuilding my garage S.D. broke into my front & back yards & took about 100 good window air conditioners, Refrigerater, 2 Motorcycles, Plants, doors, shelves, sand, wood etc. & kept or destroyed them without court order or notice & in violation of E.P.A. statutes.

31. C.S.D. said they degas the Air Conditioners etc. by crushing them in trucks.

32. Delta demolished my garage and addition and shelves without required notice or demolition permit about 2 months after the fire when they could plainly see I had cleaned out, secured and locked it & work was in progress. elta took my possessions (see #  ) in violation of my civil rights.

33. Steve K. (bldg insp) estimated cost of $5,000. After I fixed it up Delta collected $13,000. Original board up est was about $600. It cost me about $4000.00 to fix up. I believe Danley would have torn down & rebuilt for $5-10,000.

34. EPP.A. regulations say Freon cannot be released & must be recovered.

35. E.P.A. fined Sears for permitting an employee to release Freon. Sears & other appliance salespersons still usually advise customers to put Air Conditioners, Refrigeraters etc in alleys for pick up by Sanitation Depts or Junkers who usually release Freon and sell them for about $3 each for aluminum & copper etc. EPA permitted Chicago Building., Police, Sanitation Depts. & Junkers to take 150 air conditioners, 4 heat pumps, 5 refrigeraters, 2 recovery machines from me most were degassed to atmosphere and junked.

36. Sears-Allstate insurance sold me a homeowners policy about 25 years ago. About 12 years ago Someone ran a car against my 2 car garage door at 2AM?. Chicago Fire Dept was slow to put out the fire. Police did little if any investigation. Allstate delayed payment until I was forced to hire adjuster A. Schoeneman & Co. to collect. Sears settled with Schoeneman & paid him. Sears kept $2,000.00 of my money and cancelled my insurance because they said I rented a room to another person. Ill. Dept Ins & Schoeneman (who kept $200.oo of the $2,000.00 I didn+t collect) refused to help me collect from Allstate. Since Allstate, Adjuster and Ill Dept Ins refused to help me collect $2000.00 and Allstate cancelled my insurance it was almost impossible for me to get HO Policy.

5

37. On 12/22/98 at 5PM an employee helped me install a Sears 50,000 BTU Gas Space Heater in my garage which was hard to light, blew up and caused my garage to burn 35%? be repaired & demolished.

38. I was drafted into Army on 10/5/51, (US 55 196 146) sent to refrigeration School, sent to SCARWAF in Korea, went on sick call about 80 times with colitis, depression, hypothyroidism, hypothermia, frostbite, infected #7 tooth, 20?toxic antibiotic, 1 flu & other toxic shots, worms etc. The Army said the VA would compensate & treat me for my service connected & other disabilities. The VA refuses to compensate or treat me for toxic aluminum, cadmium, mercury, low stomach acid, osteoporosis, obsessive compulsive collecting, hoarding plus residuals from above.

39. A Spotlight newspaper article a month ago and many other articles reported the VA hires professional liars to cheat 95% of veterans out of compensation & proper treatment. and pays most vets organizations to cover up VA malpractice, mistreatment, & thievery..

40. Mattingly made many requests for his Chicago Demolition File Ron McDermott, Martin Stack et al.

41. Mattingly didn't get information or a file until 8/2/00 (incomplete?)) from Martin Stack F.O.I.

42. someone told Mattingly they would not release file because Chicago expected suit. Mattingly could find nothing in the File to show why Chicago (taxpayers?) should pay Delta $13,000 to demolish my garage and additions without inspection or notice.

43. Plaintiff believes defendants are in contempt of A.C.L.U. v Chicago Red Squad consent decree and answers filed in five or more other Fast Track cases. Defendants continue to harass Plaintiff for political or discrimination reasons.

## COUNT I – 42 U.S.C. § 1983

44. Plaintiff incorporates ¶¶ 1-43

45. 42 U.S.C. § 1983 states as follows:

**§ 1983.     Civil action for deprivation of rights**

> **Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. * * ***

46. Defendants carried out the demolition of plaintiff's property under the color of law, purportedly under the City's "Fast Track Demolition" program.

47. Defendants failed to give notice to plaintiff, thereby depriving him of his right to property without the due process of law, in violation of the Fourteenth Amendment of the United States Constitution.

48. Plaintiff was deprived of his property without opportunity to be heard at a meaningful time and in a meaningful manner prior to said deprivation. Defendants' actions deprived plaintiff of his rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

49. Plaintiff has no adequate remedy at law. Although Illinois law provides for "inverse condemnation," such a remedy is not sufficient to make reparations for lost personal property and homes demolished without notice and without reasonable opportunity to be heard prior to the demolition.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and against defendants as follows:

    a. For compensatory damages, including value of demolished property and the value of personal property contained therein.

    b. For punitive damages.

   c.  For attorney's fees pursuant to 42 U.S.C. § 1988, litigation expenses and costs.

   d.  For such other or further relief as the Court deems appropriate.

## COUNT II -- COMMON LAW TRESPASS

47. Plaintiff incorporates ¶¶ 1-43

48. Defendants entered upon the property of plaintiff without permission or lawful authority.

49. Defendants caused the destruction of the property of the plaintiff as a result of their unlawful entry.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and against defendants as follows:

   a.  For compensatory damages, including value of demolished property and value of the personal property contained therein., $69,000.00.

   b.  For punitive damages., $50,000.00.

   c.  For attorney's fees, litigation expenses and costs., $20,000.00 plus.

   d.  For such other or further relief as the Court deems appropriate.

## COUNT III -- COMMON LAW CONVERSION

50. Plaintiff incorporates ¶¶ 1-43.

51. Defendants, through their demolition practices, deprived plaintiff of his personal property without consent.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and against defendants as follows:

a. For compensatory damages, including value of demolished property and value of the personal property contained therein., $60,000.00.

b. For punitive damages, $50,000.00,

c. For personal aggravation & injury to plaintiff $50,000.00.

d. Defendants be held in contempt of court & santioned for multiple violations of consent decree signed in A.C.L.U. , Alliance case to prevent abuses by City of Chicago (employees) who investigated, harassed people considered political enemies.

e.. For Attorneys' fees, litigation costs & expenses.

f. For such other relief the Court deems appropriate.

### COUNT IV AGAINST SEARS &/or ALLSTATE INSURANCE

52. Plaintiff incorporates P#s 1-43

53. Defendants through their dishonest business & insurance practices caused plaintiff to lose his garage, additions and personal property.

a. For false ads such as "Satisfaction Guaranteed", "Good Hands", & their Insurance Contracts $50,000.

b. For breachs of their agreements, contracts, settlements with plaintiff $50,000.00.

c. For conspiring with their employees, insurance adjusters, Illinois Department of Insurance et al to deny payments to me et al when due.

d. F.or selling dangerous, defectine merchandise & space heater which caused plaintiff's garage & property to burn & be taken &/or destroyed. $100,000.00.

e. For loss of use of plaintiffs Garage and other items & time $500.00 per month from date of fire.

John J. Mattingly
3045 N Troy
Chicago, Il 60618
773-478-9526

John J. Mattingly, pro se

### JURY DEMAND

Plaintiff demands jury trial.

John J. Mattingly, pro se

9

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JOHN J. MATTINGLY

**DEFENDANTS**
CITY OF CHICAGO

JUDGE KENNELLY
MAGISTRATE JUDGE SCHENKIER

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
John Mattingly
3045 N. Troy St.
Chicago, IL 60618-6908

DEC 22 2000

**00C 7937**

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. This case**
☐ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE 12/19/00

SIGNATURE OF ATTORNEY OF RECORD
John J. Mattingly

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

John Mattingly

City of Chicago

JUDGE KENNELLY

MAGISTRATE JUDGE SCHENKIER

Case Number: **00C 7937**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

| (A) | |
|---|---|
| SIGNATURE | John J. Mattingly |
| NAME | John J. Mattingly |
| FIRM | |
| STREET ADDRESS | 3045 N. 7204 |
| CITY/STATE/ZIP | Chicago, IL 60618 |
| TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES ☐ NO ☐ |
| TRIAL ATTORNEY? | YES ☐ NO ☐ |

| (B) | |
|---|---|
| SIGNATURE | |
| NAME | |
| FIRM | |
| STREET ADDRESS | |
| CITY/STATE/ZIP | |
| TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES ☐ NO ☐ |
| TRIAL ATTORNEY? | YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☐ |

DOCKETED DEC 22 2000

| (C) | |
|---|---|
| SIGNATURE | |
| NAME | |
| FIRM | |
| STREET ADDRESS | |
| CITY/STATE/ZIP | |
| TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES ☐ NO ☐ |
| TRIAL ATTORNEY? | YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☐ |

| (D) | |
|---|---|
| SIGNATURE | |
| NAME | |
| FIRM | |
| STREET ADDRESS | |
| CITY/STATE/ZIP | |
| TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES ☐ NO ☐ |
| TRIAL ATTORNEY? | YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☐ |